UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NORTH SEA BRENT CRUDE OIL
FUTURES LITIGATION                                                                                  MDL No. 2475


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the Southern District of New York moves to centralize this litigation in that district. The litigation encompasses the six actions listed on Schedule A.[1] Five of those actions are pending in the Southern District of New York, and the sixth (*Harter*) is pending in the Middle District of Louisiana. With the exception of the *Harter* plaintiff, all responding parties support granting the Section 1407 motion.[2]

In opposing centralization, the *Harter* plaintiff argues, *inter alia*, that his action is brought on behalf of a unique putative class, and that it involves certain matters particular to the oil business in Louisiana and Texas. Many MDLs, however, encompass non-overlapping classes. *See, e.g.*, *In re: Chrysler LLC 2.7 Liter V-6 Engine Oil Sludge Prods. Liab. Litig.*, 598 F. Supp. 2d 1372 (J.P.M.L. 2009) (centralizing five non-overlapping putative statewide class actions). In addition, Section 1407 "does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization." *See In re: Park West Galleries, Inc., Litig.*, 887 F. Supp. 2d 1385, 1385 (J.P.M.L. 2012). Here, the *Harter* action's factual overlap with the other actions is extensive. *See Harter* Compl. ¶ 47 (expressly acknowledging that plaintiff had "liberally obtained information . . . from counsel's pleadings in the [constituent] Prime International Ltd. case"). Indeed, the factual issues central to all actions (including *Harter*) – regarding whether defendants manipulated North Sea Brent Crude oil prices and the prices of Brent Crude Oil futures contracts – are undeniably complex. Further, with defendants headquartered in various locations in Europe, discovery is certain to be international in scope.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. As mentioned above, all actions in this docket share factual issues arising

---

[*] Judge Sarah S. Vance took no part in the decision of this matter.

[1] The Panel has been informed of three additional related federal actions, all pending in the Southern District of New York.

[2] The other responding parties are plaintiffs in the Southern District of New York *Sevy*, *Benvenuto*, and *White Oak* constituent actions, plaintiff in the Southern District of New York *Karkut* potential tag-along action, and defendants BP p.l.c. and Statoil ASA.

- 2 -

from allegations that defendants conspired to fix, restrain trade in, and manipulate the prices of North Sea Brent Crude oil and Brent Crude oil futures contracts. Centralization will avoid duplicative discovery and eliminate the possibility of inconsistent rulings on *Daubert* motions and other pretrial matters.

We conclude that the Southern District of New York is an appropriate transferee district for this litigation. The New York Mercantile Exchange, one of the two exchanges on which Brent Crude oil futures contracts are traded, is located in the district, as is Platts, the entity to which, according to plaintiffs, defendants intentionally reported false bid, offer, and transaction information.[3] In addition, five of the six constituent actions already are pending there, as are the three potential tag-alongs. The Honorable Andrew L. Carter, Jr., has been on the district court bench since 2011, and previously served as a magistrate judge in the Eastern District of New York. We have every confidence that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Andrew L. Carter, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | |

---

[3] Plaintiffs describe Platts as the leading global provider of physical (spot) and contract pricing for the physical and financially settled derivatives Brent Crude oil markets.

IN RE: NORTH SEA BRENT CRUDE OIL
FUTURES LITIGATION                                              MDL No. 2475

## SCHEDULE A

<u>Middle District of Louisiana</u>

David Harter v. BP PLC, et al., C.A. No. 3:13-00337

<u>Southern District of New York</u>

Prime International Trading, Ltd. v. BP PLC et al., C.A. No. 1:13-03473
Michael Sevy v. BP PLC, et al., C.A. No. 1:13-03587
Gregory Smith v. BP PLC et al., C.A. No. 1:13-03944
Patricia Benvenuto v. BP PLC, et al., C.A. No. 1:13-04142
White Oaks Fund LP v. BP PLC et al., C.A. No. 1:13-04553